

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 4, 1963

Col. Homer Garrison, Jr.
Director
Texas Department of Public
   Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. C-191

Re: Whether a motor vehicle
transporting oil field
equipment from one lease
to another lease, wherein
a public highway is
crossed at right angles
is operating over a public
highway and related
question.

Dear Col. Garrison:

In your recent letter you requested an opinion of this office on the following questions:

> "(1) Is a motor vehicle transporting oil field equipment from one lease to another lease wherein a public highway is crossed at right angles considered to be operating over a public highway?

> "(2) In view of the descriptive phrase 'irrespective of whether in the course of such transportation a highway between two (2) or more incorporated cities, towns or villages is traversed' does House Bill #31 seek to regulate as a motor carrier or a specialized motor carrier a motor vehicle which crosses a highway at right angles to and from private property while transporting property for hire?"

House Bill No. 31, Acts 58th Leg., 1963, ch. 359, p. 929 (codified as 911b Sec. 1c) provides in part as follows:

> "Sec. 1c. The terms 'Motor Carrier' and 'Specialized Motor Carrier,' as used in Sec. 1 of this Act, shall apply to and include all for hire transportation of oil field equipment, as defined in subdivision (1) of Section 1 of this Act, over the public highways of this State outside the corporate limits of cities or towns, irrespective of whether in the course of such transportation a highway between two (2) or more

-924-

incorporated cities, towns or villages is
traversed."

We can find no Texas cases defining the term "over the
public highways" nor can we find any cases in Texas defining
the word "over." However, in Illinois Central Railway Company
v. City of Chicago, 141 Ill. 586 (1892), 30 N.E. 1044, the
Court said at page 1046:

".   . .The two words 'over' and 'across' may be
used interchangeably, and as having the same mean-
ing. Webster thus defines the word 'across:' 'From
side to side; athwart; crosswise; quite over.' He
defines the word 'over' as follows: 'Above, or
higher than, in place or position, with the idea
of covering; across; from side to side of; upon
the surface of.'.  . ."

Also in White v. Bevier Coal Co., 364 Mo. 313 (1953),
261 S.W.2d 81, 84, the Court used the following language:

".  . .Webster's New International Dictionary,
2d Edit., tells us that the word 'over' indicates
'passage either above the substance or thing, or
on the surface of it, and beyond; specif.: across;
from one side to the other of; to or at a place
beyond;* * *,' and the word 'across' means 'From
one side to the opposite side of.'.  . ."

Article 911b, Sec. 1(d), Vernon's Civil Statutes, pro-
vides as follows:

"The term 'public highway' means every
street, road or highway in this State."

Putting the definition of "over" with the term "public
highway" as defined by the Act, we must conclude that a motor
vehicle transporting oil field equipment from one lease to
another lease, where a public highway is crossed at right-
angles, would be considered as operating over a public highway.

We point out that had the Legislature desired to exempt
such travel it could have so provided, as it did in Article
6675a-2, Vernon's Civil Statutes which provides:

".  . ./P/rovided, that where a public highway

separates lands under the dominion or control of
the owner, the operation of such a motor vehicle
by such owner, his agent or employee, across such
highway shall not constitute a use of such motor
vehicle upon a public highway of this State."

Inasmuch as no such provision appears in House Bill No. 31, we
believe that the Legislature intended none.

In answer to your second question, it is the opinion of
this office that the Legislature intended to regulate all
transportation of oil field equipment for compensation or hire
except that specifically exempted by paragraphs 2 and 3, Sec.
1c of Article 911b, Vernon's Civil Statutes, which provide as
follows:

"Sec. 1c . . .

"The provisions of this Section 1c shall
not apply to or include vehicles used exclusively
in the stringing of pipe for pipelines, nor shall
this Section 1c apply to or include the transporta-
tion of water, drilling mud, petroleum and petroleum
products in bulk, in tank trucks, when such sub-
stances are used in connection with the servicing
of oil and gas wells, unless in the course of such
transportation a highway between two (2) or more
incorporated cities, towns or villages is traversed.

"Nothing in this Section 1c shall in anywise
repeal, alter, amend or affect any of the pro-
visions of Chapter 290, Acts, Reg. Ses. Forty-
seventh Legislature (being Sections 1a and 1b of
this Act and now codified as Sections 1a and 1b
of Article 911b, Vernon's Texas Civil Statutes)."

It is, therefore, our opinion that Article 911b, Section
1c (House Bill No. 31) does seek to regulate as a motor
carrier or specialized motor carrier any motor vehicle which
crosses a highway at right angles to and from private property
transporting property for compensation or hire provided that
the transportation is of oil field equipment and is not
covered by the exemptions set out in paragraphs 2 and 3 of
Section 1c, Article 911b, Vernon's Civil Statutes.

## SUMMARY

1.   A motor vehicle transporting oil field equipment from one lease to another lease when a public highway is crossed at right-angles is considered to be operating "over a public highway."

2.   Transportation of oil field equipment for hire by a motor carrier or specialized motor carrier which crosses a public highway at right-angles to and from private property falls within the definition of the term "motor carrier" and "specialized motor carrier" and the operator of such equipment would require authority from the Railroad Commission unless exempt under the provisions of Article 911b, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By NORMAN V. SUAREZ
Assistant Attorney General

NVS:aj

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Gordon Zuber
Arthur Sandlin
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone